IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CYNTHIA T. HUNT, <br><br> Plaintiff, <br><br> vs. <br><br> GOODWILL INDUSTRIES OF <br> MIDDLE TENNESSEE, INC. <br><br> Defendant. | Docket No. _____ <br> Jury Demand |

## COMPLAINT

Plaintiff, Cynthia T. Hunt, alleges the following as her complaint against Defendant, Goodwill Industries, Inc. (hereinafter referred to as the "Defendant").

1. This is an action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. Ms. Hunt alleges that a younger person was selected for a position that she was equally qualified for because of Ms. Hunt's age. Ms. Hunt further alleges that she was subjected to retaliation for expressing opposition to and participating in complaints of discrimination to the Defendant including, but not limited to, the termination of her employment with the Defendant.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this cause pursuant to 42 U.S.C.A. § 2000e-5(f)(3) and 29 U.S.C. 626 (c) (1).

3. Venue is proper in this Judicial District.

4. Plaintiff has satisfied all of the procedural administrative requirements as established by § 706 of Title VII as adopted by the terms of 42 U.S.C. § 12117(a) in that she timely filed Charges of Discrimination with the United States Equal Employment Opportunity Commission and was thereafter given Notice of Right to Sue by the same dated February 23, 2015. This action is filed within ninety days (90) of receipt of said Notice of Right to Sue.

## PARTIES

5. Plaintiff is, and was at all times material hereto, a citizen and resident of this District. Plaintiff's date of birth is July 29, 1952.

6. Defendant Goodwill Industries of Middle Tennessee, Inc. is a Tennessee not for profit corporation with its principal office in Nashville, Davidson County, Tennessee. At all relevant times, Defendant has been doing business within this District and has maintained a business office within this District.

7. At all relevant times, Defendant has employed more than twenty-five (25) persons and otherwise meets and has met the jurisdictional prerequisites of the ADEA.

## STATEMENT OF FACTS

8. Ms. Hunt's date of birth is July 29, 1952.

9. Ms. Hunt was initially employed by Defendant as a Lead Sales Associate on or about April 21, 2008 at a store located in Spring Hill, Tennessee.

10. On or about December 10, 2010 Ms. Hunt was promoted to the position of Assistant Store Manager.

11. In May 2013, the manager at the store where Ms. Hunt worked left his position. Ms. Hunt applied for the position of Store Manager. Ms. Hunt was promoted to the position of Acting Store Manager pending the selection process for the vacant Store Manager position.

12. Ms. Hunt was qualified for the position of Store Manager.

13. On or about September 26, 2013, the Store Manager position was given to Randy Taylor. Mr. Taylor was younger than Ms. Hunt. On information and belief, Mr. Taylor was forty-nine (49) years of age.

14. Ms. Hunt was as qualified or more qualified for the position of Store Manager than Mr. Taylor.

15. Ms. Hunt was not selected for the position of Store Manager because of her age.

16. On or about November 15, 2013, Ms. Hunt filed an internal complaint of age and sex discrimination with the Defendant.

17. Mr. Taylor resigned the position of Store Manager and the position became vacant in December 2013.

18. Ms. Hunt applied for the Store Manager position in December 2013 after Mr. Taylor's resignation.

19. Sometime in December 2013, Dorothy Gray was selected for the Store Manager position. Ms. Gray was younger than Ms. Hunt. On information and belief, Ms. Gray was less than fifty (50) years of age.

20. Ms. Hunt was as qualified or more qualified than Dorothy Gray for the position of Store Manager in December 2013.

21. On February 21, 2014, Ms. Hunt filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging age discrimination and retaliation.

22. On February 21, 2014, Defendant initiated a pattern of disciplinary action against Ms. Hunt. Ms. Hunt alleges that the reasons upon which the February 21, 2014 disciplinary action was based were pretextual. Ms. Hunt alleges that the disciplinary action was instituted in retaliation for her previously submitted internal complaint of discrimination.

23. On or about June 9, 2014, Ms. Hunt's employment with Defendant was terminated. Ms. Hunt alleges that the reason upon which the termination of her employment was based was pretextual. Ms. Hunt alleges that her employment was terminated in retaliation for her previously submitted internal complaint of discrimination and the filing of a Charge of Discrimination on February 21, 2014.

24. Defendant knew or showed reckless disregard for its obligations under the Age Discrimination in Employment Act when it chose younger individuals for the vacant sales manager position in September and December 2013.

25. Defendant knew or showed reckless disregard for its obligation under the Age Discrimination in Employment Act not to retaliate against a person who expresses opposition to discrimination and participates in complaints of discrimination when it disciplined Ms. Hunt in February 2014 and then terminated her employment in June 2014.

26. Ms. Hunt has been damaged by Defendant's actions.

27. The effect of the employment practices set forth above has been to deprive Ms. Hunt of equal employment opportunities and otherwise adversely affect her because of her age.

WHEREFORE, Plaintiff prays for the following relief:

1. That this Complaint be filed and that the Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

2. That the Court declare Defendant's conduct complained of herein to be in violation of Ms. Hunt's rights under the Age Discrimination in Employment Act;

3. That the Court permanently enjoin Defendant from any conduct violating Ms. Hunt's rights under the Age Discrimination in Employment Act;

4. That the Court award Ms. Hunt lost earnings and benefits with prejudgment interest and front pay;

5. That the Court award Ms. Hunt liquidated damages in the amount of double the amount of back pay that is awarded;

6. That the Court award Ms. Hunt compensatory damages in an amount to be proved at trial;

7. That the Court award Ms. Hunt her reasonable attorneys' fees and costs incurred in prosecuting this action;

8. That the Court empanel a jury to hear this cause; and

9. That the Court award Plaintiff such other and further relief that it deems just and appropriate.

Respectfully submitted,

_____

Irwin Venick (BPR004112)
Dobbins, Venick, Kuhn & Byassee, PLLC
210 25th Avenue, North, Suite 1010
Nashville, Tennessee 37203
615-321-5659
Irwinv@dvlawfirm.com

Attorneys for Plaintiff