UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

CYNTHIA T. HUNT,                )
                                )
        Plaintiff               )
                                )   No. 3:15-0417
v.                              )   Judge Crenshaw/Bryant
                                )   **Jury Demand**
GOODWILL INDUSTRIES OF          )
MIDDLE TENNESSEE, INC.,         )
                                )
        Defendant               )

**MEMORANDUM AND ORDER**

Pending in this case is Plaintiff's motion to compel responses to Plaintiff's discovery requests (Docket Entry No. 17), to which Defendant has responded in opposition (Docket Entry No. 20). Plaintiff has filed a reply (Docket Entry No. 21) and a supplemental reply (Docket Entry No. 24). For the reasons stated below, the undersigned Magistrate Judge finds that Plaintiff's motion to compel responses should be **GRANTED** in part and **DENIED** in part.

**STATEMENT OF THE CASE**

Plaintiff Cythia T. Hunt has filed this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, alleging that she was wrongfully denied promotion to store manager at the Goodwill Industries Store in Spring Hill, Tennessee, because of her age, and that she was subjected to retaliation for her complaints of discrimination including, but not limited to, the termination of her employment (Docket Entry No. 1). The Defendant

has denied liability and asserted affirmative defenses (Docket Entry No. 11).

## ANALYSIS

As a general statement, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding any nonprivileged matter that relevant to any party's claim or defense and proportionate to the needs of the case.

From the parties' motion papers, it appears that some issues initially raised by Plaintiff's motion have been resolved by agreement of the parties. Specifically, it appears that Defendant has agreed to provide full responses to Plaintiff's Interrogatory No. 7 and Request for Production No. 27 upon Plaintiff's agreement that she will not assert such production as a waiver of Defendant's objection to producing relevant documents from other stores beyond Defendant's Spring Hill store. Plaintiff has agreed to this condition (Docket Entry Nos. 20 at 7 and 21 at 3).

Similarly, Plaintiff has offered to withdraw her motion seeking production of records of additional employees in Request Nos. 8, 10, 16 and 17 if Defendant is willing to agree, with respect to these additional persons identified by Plaintiff, that Defendant will neither depose any of these individuals or rely, in any way, on any information contained in their respective personnel

2

files regarding their employment histories with Defendant (Docket Entry No. 21 at 3). Defense counsel agreed to this proposal during a telephone case management conference in this case on December 29, 2015, and Plaintiff therefore has agreed to withdraw her motion to the extent that it seeks additional production pursuant to Request Nos. 8, 10, 16 and 17 (Docket Entry No. 24 at 1).

Thus, it appears to the undersigned Magistrate Judge that Plaintiff's motion to compel be limited to two interrogatories, Nos. 5 and 8, and four requests for production, Nos. 5, 9, 14 and 15.

Interrogatory No. 5 seeks certain information regarding each vacancy of the position of Store Manager at each Goodwill store under the supervision of Vicki Spurlin between January 1, 2014. Defendant has objected to this interrogatory on grounds that the information requested is overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence. Defendant further objects on the grounds that the information sought is not limited to the Spring Hill Store where Plaintiff worked.

It is undisputed in this instance that Vicki Spurlin, a district manager for Defendant Goodwill Industries, was the decision maker regarding the Store Manager positions for which Plaintiff applied at the Spring Hill store. Despite Defendant's

3

conclusory claim that Interrogatory No. 5 is overly broad and unduly burdensome, unless the undersigned Magistrate Judge has missed it, the record is altogether silent regarding the number of stores under Vicki Spurlin's supervision and the number of vacancies in the position of Store Manager that occurred in those stores during the period at issue. In the absence of such information, the undersigned is unable to determine whether producing such requested information would present an undue burden to Defendant. Similarly, since Ms. Spurlin was the decision-maker in filling each of these position vacancies, the undersigned is not persuaded that the only relevant scrutiny of her decision making is limited to the Spring Hill store. Accordingly, the undersigned finds that Defendant has failed to carry its burden to show that Interrogatory No. 5 is overly broad or unduly burdensome and therefore **ORDERS** that Defendant should serve responses to Interrogatory no. 5.

Interrogatory No. 8 seeks the process for the selection of applicants for the position of Store Manager in effect for each year between January 1, 2009, and December 31, 2014. Defendant has objected to this interrogatory to the extent that it seeks information that is not related to the Spring Hill store. Although not stated, the undersigned presumes that the grounds for Defendant's objection are those stated with respect to

4

Interrogatory No. 5. Defendant has responded to this interrogatory by describing the process followed by Ms. Spurlin at the Spring Hill location. For the reasons stated above with respect to Interrogatory No. 5, the undersigned Magistrate Judge **GRANTS** Plaintiff's motion to compel with respect to Interrogatory No. 8 and **ORDERS** that Defendant shall describe the process for selection of applicants for the position of Store Manager at other stores under Ms. Spurlin's supervision, at least to the extent that it differs from the process followed at the Spring Hill store.

Request for Production No. 5 seeks production of certain documents for each person identified in response to Interrogatory No. 5 (applicants for the position of Store Manager). Again, Defendant has objected to this request for production as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant has further objected to this interrogatory because it is not limited to the Spring Hill store. Nevertheless, Defendant has provided the requested information pertinent to the Spring Hill location.

Again, Defendant has offered almost no facts in support of its objections. Specifically, Defendant has not stated the number of applicants whose identities would be responsive to Interrogatory No. 5, nor has it offered the number of documents responsive to Request for Production No. 5. Therefore, the

5

undersigned finds that Defendant has failed to carry its burden to establish the merits of its bare-bones objections, and therefore **ORDERS** Defendant to serve responses to Request for Production No. 5.

Request for Production No. 9 seeks certain documents from the personnel file of Dee Wadley. According to the parties' motion papers, Dee Wadley was an Assistant Store Manager at the Lewisburg store who Plaintiff alleges was passed over for a promotion to Store Manager due to her age. Apparently, the Lewisburg store is also a store under the general supervision of District Manager Vicki Spurlin.

Defendant has objected to Request for Production No. 9 on grounds of overbreadth, undue burden and lack of reasonable basis for leading to discovery of admissible evidence. In addition, Defendant further objects that this request for production seeks personal information relating to Defendant's employees or former employees without demonstrating that the probative value of this discovery outweighs the privacy interests of nonparty employees. The parties disagree regarding whether Dee Wadley is an appropriate comparator to Plaintiff Hunt and also whether "me too" evidence should be admissible in this case.

Without deciding the issue of ultimate admissibility, the undersigned finds that the information sought in Dee Wadley's

personnel file is reasonably likely to be relevant to the issues in this case and, therefore, the undersigned **ORDERS** that Defendant produce the documentation requested in Request No. 9.

<u>Request for Production No. 14</u> seeks sales rank reports for each store supervised by Vicki Spurlin for the period January 2013 through December 2014. Defendant has objected to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff in its reply states that it is willing to limit this request to those stores managed by Randy Taylor and Dorothy Gray, the two individuals who were selected to serve as Store Managers, if Defendant was willing to withdraw its objection to production such documentation. Defendant has not responded to this proposed limitation of Plaintiff's request. According to the motion papers, Randy Taylor and Dorothy Gray were both selected as a Store Manager instead of Plaintiff Hunt. Despite Defendant's silence regarding Plaintiff's proposed limitations of Request No. 14, the undersigned finds that Plaintiff's motion to compel production of the sales rank reports as requested should be **GRANTED**, but only for the stores managed by Randy Taylor and Dorothy Gray. To the extent that Plaintiff's request seeks sales rank reports from other stores, the motion is **DENIED**.

Request for Production No. 15 seeks certain documents from Bobby Howell's personnel file. Defendant has objected to this request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects on grounds that the request seeks personal information of nonparty employees. According to the motion papers of the parties, Plaintiff asserts that Bobby Howell, another employee, was consistently late to work but was not disciplined for this infraction. Plaintiff seeks to present this evidence in support of an argument that she was subjected to undue discipline for an infraction used as a pretext by Defendant in its decision to terminate Plaintiff, compared to no discipline for Mr. Howell for comparable infractions.

Given that the infraction allegedly committed by Mr. Howell was not the same infraction as that allegedly committed by Plaintiff Hunt, and considering that Defendant has produced or will be producing information relating to employees disciplined for violations of the Employees Purchase Policy, the undersigned Magistrate Judge finds that Plaintiff's request for production of Mr. Howell's personnel records lacks merit and should be **DENIED**.

To the extent that this order requires Defendant to make further responses to the subject interrogatories and requests for production, those responses shall be served by **July 18, 2016**.

It is so **ORDERED**.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge